# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-373V

| | |
|---|---|
| KERRYINGTON P. PEDIGO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 27, 2025 |

*Elizabeth Martin Muldowney, Sands Anderson PC, Richmond, VA,* for Petitioner.

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

  On March 8, 2024, Kerryington P. Pedigo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On May 16, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On May 20, 2025, Respondent filed a proffer on award of compensation indicating Petitioner should be awarded $91,088.61 (consisting of $90,000.00 for pain and suffering, and $1,088.61 for unreimbursed expenses). Respondent's Proffer on Award of Compensation ("Proffer") at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

  Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $91,088.61 (consisting of $90,000.00 for pain and suffering, and**

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2

**$1,088.61 for unreimbursed expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KERRYINGTON P. PEDIGO,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 24-373V<br>Chief Special Master Corcoran<br>SPU |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Procedural History and Items of Compensation**

On May 9, 2025, respondent filed his Vaccine Rule 4(c) report, and conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF No. 20. Thereafter, on May 16, 2025, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her left Shoulder Injury Related to Vaccine Administration ("SIRVA"). ECF Nos. 22, 23.

Based on the evidence of record, respondent proffers that petitioner should be awarded $91,088.61, which is comprised of damages for pain and suffering ($90,000.00) and unreimbursed expenses ($1,088.61). This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$91,088.61**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

    YAAKOV M. ROTH
    Acting Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

    COLLEEN C. HARTLEY
    Assistant Director
    Torts Branch, Civil Division

    s/ *Mallori B. Openchowski*
    MALLORI B. OPENCHOWSKI
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146, Ben Franklin Station
    Washington, DC 20044-0146
    Tel.: (202) 305-0660
    mallori.b.openchowski@usdoj.gov

DATED: May 20, 2025